JOURNAL ENTRY and OPINION
{¶ 1} Appellant Walter H. Caplan ("Caplan") appeals various rulings of the Cuyahoga County Probate Court concerning the estate of his mother, Renee E. Caplan ("decedent"). For the reasons stated below, many of appellant's assignments of error are time-barred. With respect to the remaining assignments of error, we affirm.
 I {¶ 2} Caplan's mother passed away on February 25, 1997. An estate was opened and appellee Howard Piccus ("Piccus") was named executor.[1] Legal counsel for the estate was provided by Leon Weiss ("Weiss") and Reminger Reminger, L.P.A. Weiss also represented Caplan's sister and co-heir, Judy Caplan ("Judy"), prior to Weiss' representation of decedent.[2]
 {¶ 3} Concerned as to possible conflicts of interest between decedent, Judy, and Weiss, Caplan served discovery requests on Weiss and Piccus. These requests included numerous subpoenas and requests for production of documents. Piccus contested these requests as being overly burdensome or subject to privilege.
 {¶ 4} On July 30, 2001, Piccus filed a final account with the court which, after hearing, was approved on March 15, 2002. Although Caplan made objections to the final account, no attempt to appeal was made following the approval of the final account. On July 3, 2002, a supplemental account was filed in order to include an omitted tax refund. Caplan filed exceptions to this supplemental account as well as additional motions for discovery.
 {¶ 5} On September 20, 2002, the court overruled Caplan's exceptions, and on February 14, 2003, approved the supplemental account. It is from this ruling that Caplan advances seven assignments of error for our review.
 II {¶ 6} In his first, second, fourth, fifth and seventh assignments of error, Caplan argues that the lower court erred by improperly granting motions to quash subpoenas duces tecum and for protective orders; improperly limited the scope of depositions; and improperly awarded attorney and executor fees. For the reasons stated below, we find these assignments of error to be time-barred and, therefore, without merit.
 {¶ 7} The docket reflects that, on March 15, 2002, a final account of the estate was heard and approved. Subsequently, a supplemental account was filed to allow the inclusion of a tax refund that was omitted from the final account. On August 6, 2002, Caplan filed exceptions to the supplemental account and another round of discovery and motion practice began. On February 14, 2003, the lower court heard and approved the second final account.
 {¶ 8} Caplan argues that his time to appeal the interlocutory discovery orders did not begin to run until the second final account of February 14, 2003. Piccus argues that the February 14, 2003 final account was in relation to the supplemental account that was filed shortly after the final account in March 2002. We agree with Piccus.
 {¶ 9} "A probate court shall order a final account approved and settled if the court finds that the fiduciary has fully and lawfully administered the estate or trust and has distributed the assets of the estate or trust in accordance with the law or the instrument governing distribution." In re Hadorn, Tuscarawas App. No. 2001 AP 080080, 2002-Ohio-2848; R.C. 2109.32. Caplan argues that because there was activity regarding the account subsequent to the March 15, 2002 final account, the case remained open and his alleged errors are preserved. Had the supplemental account been filed within 30 days of the March 15, 2002 order, we may be more sympathetic to Caplan's position.[3] However, the supplemental account was filed on July 3, 2002. Caplan failed to explain how the court's orders dated prior to March 15, 2002 would survive this almost four-month delay.
 {¶ 10} Our review of the accounting shows that the supplemental account was not meant to supersede the previously approved account. The February 2003 supplemental account was simply to allow the distribution of the omitted tax refund. The only distribution listed on the supplemental account was $3,693.98, the amount of the tax refund. The distribution amount of the March 2002 final account is not incorporated into the supplemental account.[4]
 {¶ 11} All rulings that preceded the filing and approval of the March 2002 final account, the vast majority being discovery disputes, were final orders from which Caplan had a duty to appeal if he felt an error had occurred. There was no justification for Caplan's failure to appeal the alleged errors following the final account. More than three months elapsed from the final account to the filing of the supplemental account. We refuse to allow an appellant to bootstrap assignments of error of one account to a subsequent account. The inclusion of the tax refund into the final account did not prejudice the proposed assignments of error presented by Caplan.
 {¶ 12} Caplan's first, second, fourth, fifth and seventh assignments of error are overruled as untimely.
 III {¶ 13} In his third and sixth assignments of error, Caplan argues that the trial court erred by granting appellee's motions to quash and for protective order and improperly limited the scope of depositions. For the following reasons, the trial court's rulings are affirmed.
 {¶ 14} It is axiomatic that the court has considerable discretion in permitting or prohibiting discovery. "The trial court has broad discretion in regulating the discovery process and its decisions on such matters will not be reversed in the absence of an abuse of discretion. A judgment which prevents the requesting party from pursuing discovery will not be reversed absent a showing that the ruling causes substantial injustice."Walker v. Cleveland City Schools. (Dec. 11, 1997), Cuyahoga App. No. 72104. Abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. EighthDay Sound Sys., Inc. v. Lorrie Morgan Productions (Mar. 9, 2000), Cuyahoga App. Nos. 75931, and 76206. As discussed above, the account was final in March 2002 and the supplemental account was opened solely for the distribution of the tax refund. It was well within the court's discretion to deny motions for deposition and subpoenas duces tecum when the issue was solely distribution of the tax refund. All other issues were resolved when the court approved the final account and Caplan failed to appeal. It cannot be said the court's ruling was unreasonable, arbitrary, or unconscionable.
 {¶ 15} Appellant's third and sixth assignments of error are overruled.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
Dyke, P.J., and Rocco, J., concur.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Probate Court Case No. 1141425.
[2] This representation took place in 1991. At or near the same time, Weiss began representing decedent's estate-planning interests. Piccus referred both Judy and decedent to Weiss.
[3] This would have been the period of time to file an appeal. Had the supplemental account been filed within Caplan's appeal time, the argument could be made that the account never became final, as Caplan would have had time to perfect an appeal.
[4] Had the supplemental account listed the full distribution from the estate, Caplan's argument that the estate was never final would be more credible. Here, however, the accounting reflects the trial court's understanding that the supplemental account was solely for the equal distribution of the omitted tax return, and was not a re-account of the entire estate.