OPINION
{¶ 1} Appellant Diane Reinhart Holcomb appeals the decision of the Mahoning County Probate Court which rejected her objections to a magistrate's decision approving the partial account filed by appellee Aaron Reinhart, executor of the estate of their father, Earl Reinhart. Appellant contends that because she was never notified of a hearing on the original inventory, the court could not find her current filing to be untimely. For the following reasons, the probate court's decision is reversed and this case is remanded for a hearing on the merits of appellant's claims.
 STATEMENT OF THE CASE {¶ 2} Earl Reinhart died testate in September 2002. His estate was to be divided equally among his four children and one grandchild. His son, Aaron, was named the executor. An application to probate the will was filed in May 2003. Appellant was served with this application by certified mail in June 2003.
 {¶ 3} The executor filed an inventory and appraisal on July 11, 2003. The total value of all assets was said to be approximately $50,000. The schedule of assets listed a 2000 Ford F350 Super Duty pick-up truck as an estate asset valued at $25,000.
 {¶ 4} In a July 16, 2003 judgment entry, the probate court set an informal hearing on the inventory, appraisal, and schedule of assets for August 8, 2003. In this entry, the probate court ordered service by certified mail on the beneficiaries, declaring, "PROOF OF SERVICE must besubmitted to the Court, prior to the court's approval of the Inventoryand Appraisal." (Emphasis original). Appellant was not served until August 11, 2003, three days after the scheduled hearing.
 {¶ 5} However, this hearing did not proceed because on August 1, 2003, the grandchild filed exceptions to the inventory stating that he did not receive a copy of the inventory but had reason to believe assets may have been removed. Thus, an exceptions hearing was scheduled for September 23, 2003. Notice of this exceptions hearing was issued by certified mail on August 13 to the beneficiaries. But, the notice to appellant was returned on October 1, 2003 due to unsuccessful service.
 {¶ 6} Still, a hearing was held as scheduled on September 23, 2003. However, the grandchild had withdrawn his exceptions the previous day. The hearing presumably served as the inventory hearing since the inventory was approved in a September 23, 2003 entry. Attached to the court's approval of the inventory were the various certified mailing receipts in the case.
 {¶ 7} On June 29, 2004, the executor filed a partial account and notified the court that he had been prepared to file a final account since April 1, 2004, but appellant had not cashed the $4,831.32 check for her share of the estate. He noted that her refusal may be due to a pending suit against him in the general division regarding: her claim that she paid money to her brothers in an attempt to buy what she thought was realty of the estate, his claim that any money tendered was for purchase of the Ford truck and her claim that the decedent gifted the truck to her.
 {¶ 8} The probate court sua sponte filed exceptions to the partial account and set the matter for hearing. In part, the court noticed that the beneficiaries did not appear to receive equal amounts. On September 2, 2004, the magistrate entered a decision upon the exceptions to the partial account. The magistrate stated that the distribution was not unequal because appellant purchased the Ford truck from the estate for $25,000. The magistrate found that appellant paid $20,000 (with a $5,000 credit for her one-fifth share in estate property) to her brothers who each kept $5,000 and remitted the remaining $10,000 to the estate for distribution to the other two beneficiaries. The magistrate then recommended that counsel advise appellant that if she does not cash the estate check, the proceeds will be reported to the treasurer as unclaimed funds. The magistrate concluded that the account should be approved.
 {¶ 9} That same day, the probate court tentatively adopted the magistrate's decision and approved the account. The court advised that the parties had fourteen days from the filing of the magistrate's decision to file objections. On September 16, 2004, appellant filed objections to the magistrate's decision upon the exceptions to the first partial account and objections to the inventory.
 {¶ 10} First, she insisted that she did not agree to purchase the truck from the estate. She claimed the $20,000 she paid to her brothers was for realty located in Berlin Center, which she believed was owned by the estate and which is currently the subject of a lawsuit in the general division. She stated that the truck was to be gifted to her. She attached a writing, purportedly signed by the decedent on May 11, 2002, giving her permission to drive the truck. The letter then stated: "In the event of my death, she may keep the vehicle and use it as she sees fit. It is a gift to my daughter and her children." Regardless of the legal effect of this letter alone, appellant also claimed that her siblings agreed in October 2002 to gift the truck to her in compliance with the decedent's known wishes.
 {¶ 11} Her second objection explained her belief that if she cashed the check from the estate, then she would be bound to the incorrect information included in the July 11, 2003 inventory. She also stated that the receipts and disbursements statement in the account is incorrect because it states that she purchased the truck for $25,000.
 {¶ 12} The executor responded by noting that appellant failed to object to the inclusion of the truck in the inventory or the exclusion of the realty from the inventory. The executor then claimed that the signature on the letter was not truly that of the decedent. The executor also pointed out that the alleged letter evidencing a gift was signed one month prior to the decedent's will, but the will did not mention that appellant should receive his truck.
 {¶ 13} The executor then stated that even if the decedent actually signed the document, it does not meet the requirements for a gift (since it is not an immediate or irrevocable transfer) or a will (since it had no witnesses). He concluded that if she did not purchase the truck and it was not willed or gifted to her, then she should be ordered to return it to the estate.
 {¶ 14} The executor also explained that the realty issue is currently being litigated in the general division and that he is the sole owner of the realty that appellant believed the decedent owned. The executor then pointed out that contracts for the purchase of land must be in writing.
 {¶ 15} On January 25, 2005, the probate court overruled appellant's objections and accepted the partial account. First, the court found that appellant failed to file timely objections to the inventory and concluded that her current objections are thus untimely. The court repeated this finding throughout its opinion.
 {¶ 16} The court then agreed with the executor that the writing allegedly signed by the decedent does not evidence a gift or a will. The court also stated that the decedent's signature on the alleged gift has not been proven to be his, even though there was no hearing on this matter. As to her claim that she did not purchase the truck, the court stated that since the court already found the truck was not a gift or a bequest, the only method by which she could have obtained the truck was by purchase at the appraised value. Although the probate court did address some of the merits of her objection regarding the gift of the truck to her, the court still kept falling back on the lack of timely exceptions to the inventory, stating that she "could and should" have objected earlier. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 17} Appellant's sole assignment of error contends:
 {¶ 18} "APPELLANT WAS DENIED DUE PROCESS WHEN THE PROBATE COURT REJECTED HER EXCEPTIONS TO THE ESTATE INVENTORY BASED UPON FAILURE TO TIMELY FILE IN ACCORDANCE WITH R.C. 2115.16, WHEN SHE WAS NOT SERVED NOTICE OF THE IMPENDING HEARING ON SAID INVENTORY."
 {¶ 19} Appellant argues that she was denied notice and an opportunity to be heard when the attempted service of the notice of the September 23, 2003 hearing on the exceptions and inventory was returned on October 1, 2003. The executor first argues that service by publication is sufficient and notes that the probate court publishes its schedule in The Daily Legal News. However, he then recognizes that the probate court ordered that appellant be served with the inventory notice and warned that the inventory would not be approved without proof of service.
 {¶ 20} The executor then contends that appellant was served with notice of the August 8, 2003 inventory hearing, on August 11, 2003, that the hearing never proceeded, and that she was not entitled to notice of the hearing on the grandchild's exceptions to the inventory. Finally, the executor urges that regardless of these service and timeliness issues, the court considered and rejected appellant's claims regarding the gifted truck.
 {¶ 21} Pursuant to R.C. 2115.16, the executor may serve notice of the inventory hearing or may cause the notice to be served upon any person who is interested in the estate. And, the probate court can order that notice of the hearing be served upon any persons the court designates. R.C 2115.16. As the probate court's own order stated, the inventory should not have been approved unless the named beneficiaries are served. Here, one of the named beneficiaries was not served until three days after the date set for the hearing on the inventory.
 {¶ 22} By that time, the initial limit for filing exceptions to the inventory had passed. R.C. 2115.15 states that exceptions to the inventory may be filed at any time prior to five days before the date set for the hearing or the date to which the hearing had been continued by a person interested in the estate or in any of the property included in the inventory. From this we glean two things: one, appellant was not given an opportunity to file timely objections to the inventory; and two, notice of the continued inventory hearing was required before approval of the inventory. As to the second item, the inventory hearing was basically continued by the grandchild's filing of exceptions.
 {¶ 23} The executor contends that appellant was not entitled to notice of the exceptions hearing because R.C. 2115.16 later states that when exceptions are filed, notice of those exceptions and the hearing date shall be given to the executor and his attorney. However, regardless of whether appellant was entitled to notice of the exceptions and the hearing on the exceptions, there is the problem that she was never served with notice of the continued inventory hearing, which the court essentially merged with the exceptions hearing.
 {¶ 24} As aforementioned, appellant was entitled to notice of the hearing on the inventory. If the hearing is continued, she is also entitled to notice of that continuance. R.C. 2115.15; 2115.16. In fact, on August 13, 2003, the probate court specifically ordered that appellant be served with the notice of the continued hearing by certified mail. However, no certified mailing receipt had been returned by the time of the September 23, 2003 hearing on the inventory. Rather, it was returned October 2, 2003 as unsuccessful. (We do note the probate court may have believed appellant was served since her name, Diane, is so similar to her brother's name, Duane).
 {¶ 25} It is clear that appellant was not given an opportunity to timely file exceptions to the inventory. Her first notice was not received until after the scheduled hearing date. For all she knew, she was time-barred from filing exceptions. To make matters worse, she was then never successfully served with the continued inventory hearing notice, which would have extended her time for filing exceptions as per R.C. 2115.16. Consequently, it was erroneous to categorize her failure to file timely exceptions to the inventory as waiver of her arguments as to the later account.
 {¶ 26} Moreover, there are notice issues surrounding the account. Pursuant to R.C. 2109.32(B)(1), an executor shall provide, at the time of filing the account, a copy of the account to each beneficiary and shall file with the probate court a certificate of service of account. Then, R.C. 2109.33 provides that a fiduciary may serve notice of the hearing upon his account, or may cause the notice to be served, upon any person who is interested in the estate or trust. And, the probate court may order notice of the hearing to be served upon any persons.
 {¶ 27} Here, there is no indication that appellant was served with the first partial account; nor was she given notice of the hearing on the account. Without being aware that an account was filed, she could not be expected to file timely exceptions under R.C. 2109.33, which requires exceptions to be filed at least five days prior to the hearing on the account.
 {¶ 28} It was not until the magistrate filed a decision on the partial account and on the probate court's sua sponte exceptions regarding the same that appellant became aware of the proceedings and of the classification of the truck. The magistrate's decision found that appellant's purchase of the truck was the reason for unequal distribution of estate assets to the beneficiaries. Appellant filed timely objections. Thus, she did not waive the arguments presented in her objections.
 {¶ 29} In his concluding paragraph, the executor claims that appellant's concerns were addressed by the probate court on the merits. As previously stated, the probate court made pronouncements concerning the merits of some of appellant's objections. However, the court's opinion relied on its waiver and untimeliness findings as such findings were repeated throughout the decision. The court stated that she could and should have raised these arguments previously where she would have been entitled to a hearing.
 {¶ 30} Appellant was never given an opportunity to present her arguments on the merits. The magistrate's decision was based upon claims of the executor where appellant had no opportunity to present arguments. The trial court's decision was based upon a pro se document hurriedly filed in order to meet the fourteen day deadline after she finally discovered the various filings in the estate. Appellant was not permitted to supplement her filing, and she was not given the opportunity to present her claims at a hearing.
 {¶ 31} To illustrate the impropriety of the some of the probate court's findings without a hearing, we note some examples. For instance, the court's legal statements regarding the effect of the decedent's letter did not recognize her claim that her siblings thereafter verbally agreed that she would receive the truck. Also, the probate court stated that appellant did not prove that the decedent's signature was on the letter. Yet, those objecting to an inventory and a partial account are not required to "prove" such matters by filings alone.
 {¶ 32} Additionally, the probate court concluded that if she was not bequeathed or gifted the truck, then one could presume that she purchased it. However, purchases are not presumed without hearing where the objector's documents specifically claim otherwise. Furthermore, the court stated that she made unsupported allegations concerning her possession of the truck. However, she cannot be expected to support her allegations without the requested hearing. Finally, the executor noted that a major issue regarding the estate is pending in the general division; however, the court expressed no interest in the background of that case.
 {¶ 33} A hearing was required in order to address the merits of appellant's objections. In fact, R.C. 2115.16 requires a hearing on exceptions to an inventory. We ruled that appellant did not waive her exceptions to the inventory by failing to except earlier. Thus, a hearing was statutorily required as well as practically required.
 {¶ 34} In conclusion, appellant's failure to timely except to the inventory and to the partial account shall not be considered waiver of her current timely objections under the circumstances existing in this case. Because she was never successfully served, her filings shall not be considered untimely. Appellant's assignment of error is sustained. The probate court's judgment is reversed, and this cause is remanded for a merit hearing on appellant's claims. The hearing shall be considered a hearing on exceptions to the inventory and to the partial account. Judgment accordingly.
Waite, J., concurs.
DeGenaro, J., concurs.