# In re ESTATE OF OSBORNE.

[Cite as *In re Estate of Osborne,* 166 Ohio App.3d 732, 2006-Ohio-1952.]

Court of Appeals of Ohio,
Fourth District, Meigs County.

No. 05CA10.

Decided April 17, 2006.

Thomas James Corbin, for appellant.

Christopher E. Tenoglia, for appellee.

---

ABELE, Judge.

{¶ 1} This is an appeal from a Meigs County Common Pleas Court, Probate Division, judgment that disposed of various pending motions and accepted the final account filed by appellee, Janet Doherty.

{¶ 2} Appellant, Martin Osborne, assigns the following errors for review and determination:

## FIRST ASSIGNMENT OF ERROR

"It was error for the trial court to deny the appellant's motion for a protective order."

## SECOND ASSIGNMENT OF ERROR

"It was error for the trial court to fail to sanction the appellee for unreasonably opposing the motion for protective order and for seeking to compel discovery."

## THIRD ASSIGNMENT OF ERROR

"It was error for the trial court to approve the accounting of the fiduciary when by previous entry the court specifically excepted such matter from consideration."

## FOURTH ASSIGNMENT OF ERROR

"It was error for the trial court to dismiss the exceptions to the accounting, in effect for want of prosecution, without prior notice to the excepting party."

{¶ 3} Ella L. Osborne died testate on January 12, 2002. She is survived by four children: Ronaleen Gaplez, Thomas Osborne, Janet Doherty (appellee), and Martin Osborne (appellant). Appellee filed an application to administer the estate and was appointed executor on January 29, 2002.[1] Shortly thereafter, appellee apparently dismissed counsel and undertook to represent the estate herself. Although she had a number of assets appraised and sold, the fiduciary accomplished little else in the two years following her appointment.

{¶ 4} On May 28, 2003, attorney Thomas James Corbin entered an appearance on behalf of appellant, Martin Osborne. The following year, an assignment was filed in probate court wherein appellant assigned his interest in the estate to Corbin. That assignment was accompanied by a trust agreement that provided for the distribution of appellant's share of his mother's estate directly to Corbin, who, in turn, might "deduct any and all legal fees and costs" and then remit the balance to appellant.

{¶ 5} After two years, the probate court ordered appellee to file an account. She complied, but the various attachments make the document difficult to understand. The trial court nevertheless approved the account and found that the estate had been fully administered except for final distribution.

{¶ 6} On October 22, 2004, appellant filed a motion to vacate the account and claimed that it was incorrect "by reason of mistake or fraud."[2] On February 11,

---

1. The last will and testament of Ella L. Osborne named Ronald Osborne (her husband) as executor and two of her children, Thomas Osborne and Janet Doherty, as alternates. Ronald Osborne apparently predeceased his wife, and Thomas Osborne, who lives in Seward, Alaska, waived his right to administer the estate.

2. Appellee retained counsel to represent her shortly after the motion to vacate the account was filed.

2005, appellee requested permission to withdraw her previous account, and the trial court permitted her to do so. She then filed a new account, showing that all estate debts had been satisfied and that more than $99,000 had been distributed to the named legatees. Appellant objected to the new account, in particular to various alleged inaccuracies and the fiduciary's fee, and the court scheduled a May 27, 2005 hearing to consider the objections.

{¶ 7} Prior to the hearing, appellee filed a notice to take appellant's deposition at her attorney's office. Appellant requested a protective order and argued that he had not been provided with notice of the proposed deposition, that a deposition was not necessary because the proceeding was not adversarial, and that he lived in Los Angeles, California, and did not have the money to travel to Ohio for the deposition.

{¶ 8} Subsequently, he requested the trial court to convert the May 27 hearing to a final pretrial and motion hearing rather than a final hearing on the account. The court granted the motion and ordered the May 27 proceeding converted to a final pretrial conference hearing, in which "[a]ll motions, *excepting* the 'Objections to the Final Account' [would] be heard." (Emphasis added.) In addition, the court ordered both appellant and appellee to appear with counsel at the hearing.

{¶ 9} On April 26, 2005, appellant filed a memorandum opposing Doherty's motion for sanctions and request for an order to compel his appearance.[3] He also requested the court to reconsider its prior order that required him to personally appear for the pretrial hearing. The court overruled the motion to reconsider and, again, ordered appellant to personally appear at the hearing.

{¶ 10} The trial court, at appellant's request, continued the hearing to July. On June 13, 2005, appellant filed a motion for clarification and argued, once again, that it made no sense for him to travel to Ohio. Appellee responded, which, in turn, prompted appellant to file a motion to strike and a request for sanctions. The court stated that it would take the new matter under advisement and reiterated its previous order that appellant personally appear at the July 8 pretrial hearing.

{¶ 11} Appellant failed to appear at the pretrial conference. His counsel, and the assignee of his interest in the estate, appeared on his behalf, however. The hearing apparently began in chambers, off the record, and counsel and the trial court reviewed appellee's final account. Afterwards, the court determined that appellee had discharged her duties pursuant to law and approved the account.

---

3. The motion for sanctions does not appear in the record, nor does appellant provide a date on which it was filed. Nevertheless, because it is mentioned several times during the trial court proceedings, we assume that it was actually filed.

{¶ 12} Turning to the various pending motions, the trial court overruled the motion for protective order, the motion to compel Osborne's appearance at the deposition, and all other motions on the grounds that they were moot. The court ordered appellee to disperse the account and to distribute assets to all named legatees. However, the court refused to recognize the assignment by Osborne to Corbin and ordered that the share owed to Osborne be paid to him directly. This appeal followed.

I

{¶ 13} Appellant asserts in his first assignment of error that the trial court erred by overruling his motion for a protective order. We disagree.[4]

{¶ 14} A decision to grant a Civ.R. 26(C) protective order lies in a trial court's sound discretion. See, e.g., *Provident Bank v. Spagnola*, Cuyahoga App. No. 86348, 2006–Ohio–566, 2006 WL 305452, ¶ 30; *Sarbiewski v. Ball* (Sep. 21, 1992), Ashtabula App. No. 91–A–1669, 1992 WL 274598. An abuse of discretion is more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; *Malone v. Courtyard by Marriott, L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. In applying this standard, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. To be established as an abuse of discretion, a result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1; see, also, *Bragg v. Hatfield*, 152 Ohio App.3d 174, 2003–Ohio–1441, 787 N.E.2d 44, ¶ 22.

{¶ 15} Civ.R. 30(A) allows the deposition of "any person." Appellant is obviously a person. Thus, we reject his argument that he is somehow immune to discovery because he is a beneficiary or because his objections to the account did not render this an adversarial proceeding. Second, in objecting to the account,

---

4. The Ohio Rules of Civil Procedure apply to proceedings in the probate division of common pleas courts except to the extent that they are clearly inapplicable. Civ.R. 73(A). Many courts have considered discovery rules in the context of probate cases without finding them inapplicable. See, e.g., *In re Estate of Caplan*, Cuyahoga App. No. 82634, 2004–Ohio–1258, 2004 WL 536460, at ¶ 6–12; *In re Guardianship of Hards*, Lake App. No. 2002–L–032, 2003–Ohio–1207, 2003 WL 1193779, at ¶ 17; *In re Estate of Lewis* (Nov. 19, 2001), Lawrence App. No. 00CA38, 2001 WL 1513209. We adhere to that view in this matter.

appellant claimed to have knowledge of alleged assets other than those listed in the account. The fiduciary is entitled to depose appellant to discover and review the source and nature of those assets. Third, although alternatives to appearing in person at a deposition may exist, neither the executor nor the trial court is ipso facto required to make use of them. Fourth, although appellant claimed that the trip from California to Ohio is prohibitively expensive, he did not establish that he does not have the means to appear in Ohio.

{¶ 16} For these reasons, we find no abuse of discretion in the trial court's decision to deny appellant a protective order, and we hereby overrule appellant's first assignment of error.

## II

{¶ 17} Appellant asserts in his second assignment of error that the trial court erred by declining to sanction the executor for (1) opposing his motion for protective order and (2) seeking to compel his deposition. Again, we disagree.

{¶ 18} Our disposition of appellant's first assignment of error determined that the executor is entitled to take her brother's deposition and that the trial court did not abuse its discretion in refusing to issue a protective order. Consequently, we find no merit in appellant's argument that he is entitled to sanctions when his sister opposed his motion or sought to compel his attendance at the deposition.

{¶ 19} Accordingly, we hereby overrule appellant's second assignment of error.

## III

{¶ 20} Appellant asserts in his third assignment of error that the trial court erred by overruling his objections and approving the final account at the July 8 hearing, when it had previously determined that those matters would be deferred to another time. We agree with appellant, albeit reluctantly.

{¶ 21} Our review of the record reveals that the trial court originally set May 27, 2005, as the date for hearing objections to the final account. At the executor's request, however, the court changed the purpose of the hearing from a final hearing on the account to a final pretrial conference and motion hearing. Moreover, the court explicitly stated, "All motions, *excepting* the 'Objections to the Final Account' shall be heard at that time." (Emphasis added.) When the court held the final pretrial conference, however, it considered and overruled the objections and approved the final account.

{¶ 22} Although many of the problems that appellant and his attorney experienced were self-induced, we believe appellant's claim that he was "wholly unaware" and unprepared for the trial court to change the hearing's focus.

Appellant may well have decided that he did not wish to travel from California to attend a pretrial hearing, even if by doing so he might risk the imposition of various sanctions. However, had he been given notice that the hearing would in fact be the hearing on the final account rather than a pretrial hearing, he may well have decided to appear at the hearing.

{¶ 23} R.C. 2109.32(A) requires that a hearing be held on a fiduciary's account. R.C. 2109.33 requires that notice of that hearing be provided to those interested in the estate. When a probate court converts a hearing on a final account to a pretrial motion hearing, but then decides to conduct a hearing on the account and objections, the court must provide notice of that change to anyone who has previously objected to the account.

{¶ 24} Appellee counters that the trial court did provide notice that it changed the hearing to a final hearing on the objections and account. Specifically, she cites the May 23, 2005 entry that states, "[A]ll issues might be reviewed at the hearing," and she claims that this phrase should somehow have alerted her brother that during this proceeding the court would give final consideration to his objections. We are not persuaded.

{¶ 25} The May 23, 2005 entry that overruled appellant's motion for reconsideration of the trial court's order that he be present for the pretrial conference must be read in that context. We believe that the issues to be reviewed at that hearing could be construed to refer to the issues raised in the various pending motions, not to appellant's objections to the final account.

{¶ 26} Furthermore, the May 23 entry refers to the proceeding as a pretrial conference, as does the May 27, 2005 continuance entry. Nothing in the record alerts appellant to the possibility that the trial court intended to treat that proceeding as something other than a pretrial conference to resolve pending motions. We find nothing to indicate that appellant was made aware that the court would rule on objections or on the fiduciary's final account. Therefore, we reluctantly conclude that any action in that regard, without notice to appellant, prejudiced appellant.

{¶ 27} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's third assignment of error.

IV

{¶ 28} Appellant asserts in his fourth assignment of error that the trial court's disposition of the matter was tantamount to a dismissal for failure to prosecute under Civ.R. 41(B)(1) and that the court erred by not providing advance notice of its intention. We agree, as an abstract proposition of law, that notice must be provided to a party before a claim can be dismissed for failure to

prosecute. See *In re Atkins* (1990), 67 Ohio App.3d 783, 786, 588 N.E.2d 902; *Carver v. Map Corp.* (Sep. 18, 2001), Scioto App. No. 01CA2757, 2001 WL 1127005; *In re Hall* (Mar. 3, 1998), Ross App. No. 97CA2305, 1998 WL 101346. We believe, however, that in the case sub judice, appellant mischaracterizes the trial court's action.

{¶ 29} The trial court's action in this case was not a dismissal for failure to prosecute. Rather, the court simply ruled on the objections to the final account. In other words, the court's judgment is a ruling on the merits, not a Civ.R. 41(B)(1) dismissal for failure to prosecute.

{¶ 30} Accordingly, appellant's fourth assignment of error is without merit and is hereby overruled.

{¶ 31} In closing, we note that we have sympathy for the probate court's desire and attempt to conclude this matter, especially in view of the rancor that this case has obviously engendered. It will obviously behoove all parties to expeditiously resolve this matter in order to preserve whatever estate assets remain.

{¶ 32} Having sustained appellant's third assignment of error, we hereby reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

HARSHA, P.J., and KLINE, J., concur.