DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Honey Rothschild, appeals from the decision of the Lorain County Probate Court. This Court affirms in part and reverses in part.
 I. {¶ 2} E. Gladys Howard died testate on November 21, 2004. Ms. Howard's will devised her entire estate equally among her four children, Honey Rothschild ("Rothschild"), Audrey Mendenhall ("Mendenhall"), Sam Travis and John Howard, Jr. Honey Rothschild and her sister, Sam Travis, were appointed co-fiduciaries. However, on May 11, 2005, the probate court issued an entry removing the fiduciaries and finding "good cause that the interest of this trust *Page 2 
demands the appointment of an impartial successor administrator to conclude the administration of this estate." Based on the filings submitted in the case, the probate court found that the circumstances indicated distrust and hostility between one co-executrix and one heir. In addition, the probate court found acrimony between a fiduciary and an heir, which was impeding the efficient and economic administration of the estate. Rothschild appealed from that decision, and this Court affirmed the probate court's decision to appoint an impartial successor administrator.
 {¶ 3} Barry Eckstein ("Eckstein") was appointed administrator de bonis non with will annexed on May 17, 2005. On March 27, 2007, Eckstein filed his third partial account ("the account") and a hearing was set for May 23, 2007. On April 27, 2007, Mendenhall filed exceptions to the account. On May 1, 2007, Rothschild filed a motion to strike Mendenhall's exceptions to the account for being out of time, mean-spirited, and frivolous. On May 2, 2007, Rothschild filed exceptions to the account. On May 2, 2007, Eckstein responded to Mendenhall's exceptions. On May 2, 2007, Rothschild filed with the court a notice of having requested that Eckstein produce certain documents at the hearing. In this notice, she informed Eckstein that he would be called as a witness as if on cross-examination and that he should bring several documents with him to the May 2, 2007 hearing. On May 3, 2007, the trial court filed an entry on exceptions to the account. This entry stated: *Page 3 
 "This matter came for pretrial on exceptions to the fiduciary's Third Partial Account filed on March 27, 2007. With regards to the exceptions, any supplemental matters relating to the stated exceptions are to be filed on or before May 18, 2007. Any responses to supplemental matters are to be filed on or before June 1, 2007."
 {¶ 4} On May 7, 2007, Eckstein filed a motion to extend the time to file a supplemental response to exceptions to the third partial account. The trial court granted this motion, giving Eckstein until June 8, 2007 to file a supplemental response. On May 16, Rothschild filed a motion for sanctions and opposition to Eckstein's motion for extension of time on exceptions to third partial account. On June 4, 2007, the trial court entered judgment on the exceptions to the account. "Upon review of the account, the exceptions, responses, and supplemental responses, the Court hereby denies the exceptions. The Third Partial Account of the Administrator d.b.n.w.w.wa. is hereby approved." It is from this judgment that Rothschild timely appeals, asserting two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THAT THE PROBATE COURT ERRED IN VIOLATION OF R.C. 2109.32 AND ABUSED ITS DISCRETION WHEN IT APPROVED THE FIDUCIARY'S THIRD PARTIAL ACCOUNT ACCOUNT [SIC] WITHOUT A FULL EVIDENTIARY HEARING AFTER EXCEPTIONS WERE FILED AND IN THE PROCESS DEPRIVED [ROTHSCHILD] OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS."
 {¶ 5} In her first assignment of error, Rothschild contends that the trial court erred in violation of R.C. 2109.32 and abused its discretion when it approved *Page 4 
the fiduciary's third partial account without a full evidentiary hearing after exceptions were filed and in the process deprived her of substantive and procedural due process. We agree.
 {¶ 6} The parties agree that on May 2, 2007, a pretrial conference was held, and that no oral hearing was held on the account. The parties do not agree, however, on whether R.C. 29109.32 requires an oral, evidentiary hearing.
 {¶ 7} R.C. 2109.32(A) requires that every fiduciary's account must be set for hearing before the probate court. At the hearing, the court must inquire into, consider, and determine all matters relative to the account and the manner in which the fiduciary has executed his trust, and may order the account approved and settled or make any other order as the court considers proper.
 {¶ 8} R.C. 2109.33 requires the fiduciary to provide notice of a hearing and the right to file exceptions to the account. The notice must provide a statement
 "that the person notified is required to examine the account, to inquire into the contents of the account and into all matters that may come before the court at the hearing on the account, and to file any exceptions that the person may have to the account at least five days prior to the hearing on the account, and that upon his failure to file exceptions, the account may be approved without further notice." Id.
 {¶ 9} The statute further provides that any interested person may file specific and written exceptions to the account, and that the exceptions "shall be filed * * * not less than five days prior to the hearing on the account. The court for *Page 5 
cause may allow further time to file exceptions." Id. Read together, it is clear that R.C. 2109.32 and R.C. 2109.33 require a hearing so that any exceptions to the account may be heard.
 {¶ 10} In the instant case, Eckstein properly served the parties with notice of the May 2 hearing. The heirs, including Rothschild, filed exceptions to the account. Although there appears to be some concern that Rothschild's exceptions were filed the day of the hearing, we note that R.C. 2109.33 affords the trial court the discretion to allow more time to file exceptions. As such, the trial court had the authority to consider Rothschild's exceptions, regardless of when they were filed. R.C. 2109.33.
 {¶ 11} According to the court approved App.R. 9(C) statement, Rothschild filed exceptions to the account. Further, the App.R. 9(C) statement explained that
 "[o]n May 2, 2007, the probate court conducted a pretrial conference with the heirs of the estate regarding the exceptions filed on April 27, 2007, by A. Mendenhall. * * * On May 3, 2007, the Probate Court granted an extension of time until May 18, 2007 for the parties to submit any further matters relating to the stated exceptions and until June 1, 2007 for response to same to be submitted to the Court." (Emphasis added.)
On May 31, 2007, Eckstein responded to Rothschild's exceptions. Therefore, according to the App.R. 9(C) statement prepared by Eckstein and adopted by the court, the trial court held a pretrial conference as to Mendenhall's exceptions, but did not consider Rothschild's exceptions at that time. The trial court entered judgment on June 4, 2007, overruling the exceptions and approving the account. *Page 6 
 {¶ 12} In In re Estate of Osborne, 166 Ohio App.3d 732, 2006-Ohio-1952, the probate court set a date for a hearing on objections to a final account. However, prior to the hearing, at the executor's request, the court changed the purpose of the hearing from a final hearing to a final pretrial conference and motion hearing. The probate court specifically stated that it would not hear arguments regarding the objections to the final account at that time. An objecting heir did not attend the pretrial hearing. Notwithstanding its explicit intentions not to hear the objections at the pretrial hearing, the probate court considered and overruled the objections and approved the final account. On appeal, the fourth district noted that
 "R.C. 2109.32(A) requires that a hearing be held on a fiduciary's account. R.C. 2109.33 requires that notice of that hearing be provided to those interested in the estate. When a probate court converts a hearing on a final account to a pretrial motion hearing, but then decides to conduct a hearing on the account and objections, the court must provide notice of that change to anyone who has previously objected to the account." Id. at ¶ 23.
As such, the fourth district found that
 "[n]othing in the record alerts appellant to the possibility that the trial court intended to treat that proceeding as something other than a pretrial conference to resolve pending motions. We find nothing to indicate that appellant was made aware that the court would rule on objections or on the fiduciary's final account." Id. at ¶ 26.
We find that the facts in the instant case are sufficiently similar to those in Osborne, and as such, we find the reasoning persuasive. *Page 7 
 {¶ 13} Again we note that the App.R. 9(C) statement indicates that the May 2, 2007 hearing was merely a pretrial, but that Mendenhall's exceptions were reviewed. It does not appear that Rothschild's exceptions were heard at this time. However, we note that after this hearing, the court allowed the heirs to supplement their exceptions. As in Osborne, we find nothing to indicate that prior to the trial court's June 4, 2007 order approving the account the parties were made aware that the probate court would rule based upon the pretrial hearing and subsequent filings. See Osborne, supra, at ¶ 26. Thus Rothschild was not presented with an opportunity to "present her claims at a hearing."In re Estate of Reinhart, 7th Dist. No. 05MA36, 2005-Ohio-4894, at ¶ 30. "[T]hose objecting to * * * a partial account are not required to `prove' such matters by filings alone." Id. at ¶ 31. Rothschild "cannot be expected to support her allegations without the requested hearing." Id. at ¶ 32. While not specifically assigned as error, Rothschild has argued that Eckstein was required to be present in court in order for the requirement of a hearing set forth in R.C. 2109.32 to be met. We note that R.C. 2109.32(A) requires that the trial court "inquire into" all matters relative to the account. Without deciding the issue, we fail to see how the trial court could "inquire into" the account when the executor was not present at the pretrial, or how one could "inquire into" the paper filings. Id. It would appear that this specific requirement of the statute mandates an oral hearing. Accordingly, Rothschild's first assignment of error is sustained, and the cause remanded to the *Page 8 
probate court to conduct a hearing to inquire into, consider, and determine all matters relative to the account.
 ASSIGNMENT OF ERROR II "THAT THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [ROTHSCHILD'S] MOTION FOR SANCTIONS AGAINST THE FIDUCIARY FOR FAILING TO APPEAR AT THE MAY 2, 2007 HEARING SET ON HIS THIRD PARTIAL ACCOUNT AND FOR FAILING TO COMPLY WITH APPELLANT'S REQUEST FOR DISCOVERY[.]"
 {¶ 14} In her second assignment of error, Rothschild contends that the probate court erred and abused its discretion when it denied her motion for sanctions against Eckstein for failing to appear at the May 2, 2007 hearing set on his third partial account and for failing to comply with Rothschild's request for discovery. We disagree.
 {¶ 15} A decision of whether to impose sanctions is squarely within the broad discretion of the trial court. S S Computer Sys., Inc. v.Peng, 9th Dist. No. 20889, 2002-Ohio-2905, at ¶ 9. Thus, this Court will review the trial court's denial of Rothschild's motion for sanctions for an abuse of discretion. Wiltberger v. Davis (1996), 110 Ohio App.3d 46,51-52. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} Specifically, Rothschild argues that the trial court should have sanctioned Eckstein for failing to appear at the May 2, 2007 hearing. We note that *Page 9 
she assigns error to Eckstein's failure to comply with her request for discovery; however, she has not set forth an argument regarding this specific portion of her assigned error. We decline to make this argument for her. See Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. As such, we will disregard this portion of the assigned error. Loc.R. 7(F).
 {¶ 17} We find that Rothschild did not suffer prejudice as a result of Eckstein's failure to attend the pretrial hearing. She states that "[h]is failure to appear caused a waste of the heirs' time and the continuation of all the exceptions to his account without good reason." However, we note that Rothschild's exceptions were not filed until the day of the hearing. As such, the trial court could not have held a hearing regarding all the exceptions at that time, nor could Eckstein have been prepared to answer the exceptions at that time. As such, we would find that the continuance of the exceptions was with good cause. Rothschild further argues that "[a]s a result of his failure to appear, [she] was denied a hearing on the merits of her exceptions to his account." As we held above, Rothschild is entitled to a hearing on the merits of her exceptions to the account. However, we do not agree that Eckstein's failure to attend the pretrial hearing deprived her of this right. The record does not indicate why the trial court converted the May 2, 2007 hearing to a pretrial hearing. However, we note that the trial court granted both sides an extension of time to file exceptions and responses. As such, we do not find that Rothschild suffered any prejudice from *Page 10 
Eckstein's failure to attend the hearing and that the trial court did not abuse its discretion by denying her motion for sanctions. Accordingly, Rothschild's second assignment of error is overruled.
 III. {¶ 18} Rothschild's first assignment of error is sustained. Her second assignment of error is overruled. The judgment of the Lorain County Probate Court is affirmed in part and reversed in part. The cause is remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 11 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to both parties.
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1