DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gary L. Cummings, appeals from the decision of the Lorain County Court of Common Pleas. Because the record on appeal fails to support Cummings' assignments of error, we affirm.
 I. {¶ 2} Discover Bank ("Discover") filed its complaint for breach of contract against Gary L. Cummings on February 11, 2008. Discover alleges that Cummings accepted a credit card and used the account, but eventually failed to make the minimum monthly payments as they became due. Discover contends that a balance of $5,137.52 remains on the account.
 {¶ 3} In response to the complaint, Cummings filed a combined answer, motion to dismiss, and counterclaim. Although he admits to using the card, Cummings asserted that no contract exists between the parties and that Discover has perpetrated a fraud. Cummings also argued that he tendered a valid accord and satisfaction, which Discover accepted, and, therefore, *Page 2 
no amount remained due. Cummings moved the trial court to dismiss Discover's complaint. Cummings' counterclaim alleged that Discover, through its counsel, committed fraud by falsely alleging the existence of a contract between him and Discover. He further claimed that he has been harassed and damaged due to violations of the Fair Debt Collection Practices Act.
 {¶ 4} Discover filed a brief in opposition to the motion to dismiss and a general denial to Cummings' counterclaim. Discover attached a copy of the Cardmember Agreement and a copy of a statement of Cummings' account evidencing the balance claimed due.
 {¶ 5} The trial court denied Cummings' motion to dismiss, indicating that Cummings failed to satisfy the applicable standard relative to a motion brought pursuant to Ohio Rule of Civil Procedure 12(B)(6). The court also scheduled an initial pretrial in the matter.
 {¶ 6} Next, Cummings filed a motion to compel discovery pursuant to Civ. R. 37. Cummings argued that Discover submitted improper and evasive answers to his interrogatories and that Discover refused to provide documents he requested. In support, he attached a copy of Discover's responses to discovery.
 {¶ 7} Discover filed a brief in opposition to Cummings' motion to compel asserting that Cummings' discovery requests sought irrelevant information and, further, that it had previously provided Cummings with any documents germane to the case. Discover moved the trial court to levy sanctions against Cummings for actions it perceived as vexatious.
 {¶ 8} The trial court issued an order setting a hearing on Cummings' motion to compel and Discover's brief in opposition.
 {¶ 9} On May 9, 2008, prior to the date of the hearing, Cummings filed a motion for sanctions against Discover alleging that Discover willfully evaded the discovery process and had *Page 3 
launched a personal attack against him. On that same date, Cummings also filed a response to Discover's brief in opposition to Cummings' motion to compel discovery.
 {¶ 10} On May 16, 2008, the trial court ordered that a hearing on Cummings' motion for sanctions would be held in conjunction with the court's previously scheduled hearing on Cummings' motion to compel discovery. Upon hearing the matter, the trial court issued a judgment entry denying Cummings' motion to compel discovery and issued a separate judgment entry in which it denied Cummings' motion for sanctions.
 {¶ 11} Discover moved for summary judgment, seeking judgment in its favor with respect to its complaint and Cummings' counterclaim. In support of this motion, Discover attached a multitude of documents with respect to Cummings' account.
 {¶ 12} On June 2, 2008, the trial judge issued an order directing Cummings to file a response to the motion for summary judgment no later than June 13, 2008.[1] The court did not set a hearing date, but indicated it would rule on the motion for summary judgment after June 27, 2008, the deadline established for Discover's sur-reply.
 {¶ 13} On July 17, 2008, the trial court issued its ruling on Discover's motion for summary judgment. The trial court granted judgment in favor of Discover on its complaint as well as Cummings' counterclaim. The trial court held that the parties formed a binding contract, that Cummings defaulted on the contract, and that Discover did not accept his attempted accord and satisfaction. *Page 4 
 {¶ 14} Cummings appealed the trial court's decision. We have rearranged his assignments of error in order to facilitate our review.
 II. FIRST ASSIGNMENT OF ERROR "The trial court erred to the prejudice of Defendant-Appellant in overruling his motion to compel discovery."
 {¶ 15} Cummings argues that the trial court erred by overruling his motion to compel Discover to respond to his interrogatories and request for production of documents. Although the record shows that Discover responded to Cummings' discovery, he argues that its responses to the interrogatories were improper and evasive. He further claims that Discover failed to provide the correct documents he requested. After conducting a hearing on the motion, the trial court issued an entry denying Cummings' motion to compel.
 {¶ 16} When reviewing a trial court's ruling on discovery issues, we apply the abuse of discretion standard. Harpster v. Advanced ElastomerSys., L.P., 9th Dist. No. 22684, 2005-Ohio-6919, at ¶ 6. A mere error in judgment does not rise to the level of abuse of discretion. Id., citingPons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, and we will not substitute our judgment for that of the trial court. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The party alleging error must demonstrate that the trial court's actions were "unreasonable, arbitrary, or unconscionable." Harpster, at ¶ 6.
 {¶ 17} From this Court's review of the record, many items pertinent to the credit card account were provided to Cummings, such as the purported contract and multiple account statements. Also, Discover maintained in its brief in opposition to the motion to compel that it had provided all relevant documentation. We note that the trial court held a hearing on the motion to compel, however, no transcript of the hearing was supplied to this Court. We presume *Page 5 
that at the hearing, the trial court necessarily considered the arguments of both sides in making its determination. Moreover, Cummings has not pointed to any specific facts demonstrating an abuse of discretion in the trial court's determination of this issue. Thus, we conclude that the trial court did not abuse its discretion in denying Cummings' motion to compel. The first assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR "The trial court erred to the prejudice of Defendant-Appellant in allowing him to be abused at the hands of Plaintiff-Appellee and the judge's law director [sic] Jim Brazack [sic]."
 {¶ 18} In his fourth assignment of error, Cummings claims that counsel for Discover and James Blaszak, the trial court judge's staff attorney, treated him in an improper and unprofessional manner.
 {¶ 19} With respect to counsel for Discover, Cummings alleges that Discover's counsel referred to Cummings with insulting language in Discover's brief in opposition to Cummings' motion to compel discovery, and harangued him during various court proceedings. He further contends that Blaszak and counsel for Discover engaged in ex parte communications prior to Cummings' scheduled court appearances.
 {¶ 20} Cummings initially raised his allegations against counsel for Discover in a motion for sanctions filed below. The record does not reveal that Cummings informed the trial court of any perceived improper conduct on the part of Blaszak.
 {¶ 21} The trial court denied Cummings' motion for sanctions against counsel for Discover, noting that counsel apologized for any offensive wording directed at Cummings that may have been contained in its filings. *Page 6 
 {¶ 22} We review a trial court's ruling on a motion for sanctions under the abuse of discretion standard. In re Estate of Howard, 9th Dist. No. 07CA009198, 2008-Ohio-2104, at ¶ 15, citing Wiltberger v.Davis (1996), 110 Ohio App.3d 46, 51-52. As previously stated, to overturn the decision to deny the motion, we must conclude that the trial court's judgment was "unreasonable, arbitrary, or unconscionable."Blakemore, 5 Ohio St.3d at 219.
 {¶ 23} The record on appeal fails to demonstrate an abuse of discretion. A hearing on Cummings' motion for sanctions was held in conjunction with the hearing on the motion to compel; however, a transcript of the hearing was not included in the record transmitted to this Court. Cummings has not cited any facts in his brief to indicate trial court error with respect to the motion for sanctions from which we could discern that the trial court's decision was unreasonable, arbitrary, or unconscionable.
 {¶ 24} In his appellate brief, Cummings suggests that Blaszak engaged in ex parte communications with counsel for Discover on two separate occasions prior to scheduled court appearances. He further alleges that Blaszak threatened him and spoke to him in an abusive manner. Counsel for Discover denies that any ex parte communications transpired between him and Blaszak. However, these complaints were not raised in Cummings' motion for sanctions. This Court will not consider issues, which could have been, but were not raised in the trial court. James YeagerHomebuilders, Inc. v. Foss, 9th Dist. No. 23888, 2008-Ohio-548, at ¶ 15, quoting Holman v. Grandview Hosp. Med. Ctr. (1987),37 Ohio App.3d 151, 157.
 {¶ 25} Based on the above analysis, Cummings' fourth assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "The trial court erred to the prejudice of Defendant-Appellant in admitting into evidence, over his objection, Appellee's unsigned document styled as `Customer Agreement' [sic] as a contract." *Page 7 
 {¶ 26} Cummings argues that the trial court erred by allowing Discover to admit its Cardmember Agreement as the contract between the parties. Discover attached this document to its complaint and its motion for summary judgment.
 {¶ 27} The trial court did not conduct a trial of this matter during which the contract could have been, or was "admitted." Thus, we construe Cummings' second assignment of error as essentially a legal argument that the trial court should not have considered the Cardmember Agreement when ruling on Discover's motion for summary judgment. Since this is a question of law, our review is de novo. George Ford Constr., Inc. v.Hissong, 9th Dist. No. 22756, 2006-Ohio-919, at ¶ 6.
 {¶ 28} Civ. R. 56 provides that the following evidence may be offered and considered in support of a motion for summary judgment:
 "* * * pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, * * *" Civ.R 56(C).
A document which is not of the type listed in Civ. R. 56(C) may be introduced if incorporated by reference in a supporting affidavit.DaimlerChrysler Servs. N. Am. v. Lennington, 9th Dist. No. 05CA0055,2006-Ohio-1546, at ¶ 15.
 {¶ 29} In the instant case, the Cardmember Agreement was referenced in an affidavit in support of summary judgment. The affidavit stated that the copies of the documents attached to the motion for summary judgment were copies produced from Discover's records and that the affiant, a Discover representative, had reviewed the documents to ensure their accuracy. Accordingly, we conclude that the trial court did not err in considering the Cardmember Agreement in support of Discover's motion for summary judgment.
 {¶ 30} Cummings' second assignment of error is overruled. *Page 8 
 THIRD ASSIGNMENT OF ERROR "The trial court erred to the prejudice of Defendant-Appellant in completely disregarding all of his affirmative defenses and counterclaims and dismissing his accord and satisfaction with Plaintiff-Appellee."
 {¶ 31} Cummings contends that the trial court failed to adequately consider his defenses to Discover's complaint and his claims against Discover. Essentially, this assignment focuses on the trial court's decision to grant summary judgment in favor of Discover with respect to its complaint and Cummings' counterclaim.
 {¶ 32} We review a trial court's ruling on a motion for summary judgment de novo and apply the same standard utilized by the trial court. Chuparkoff v. Farmers Ins. of Columbus, Inc., 9th Dist. No. 22712, 2006-Ohio-3281, at ¶ 12. The facts are viewed in the light most favorable to the nonmoving party. Id.
 {¶ 33} Pursuant to Civ. R. 56(C), summary judgment is appropriate when: "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 448, citing State ex rel. Parsons v.Fleming (1994), 68 Ohio St.3d 509, 511.
 {¶ 34} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issues of material fact exist.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. Dresher, 75 Ohio St.3d at 293. Pursuant to Civ. R. 56(E), the nonmoving party may not simply rest on the allegations of its pleadings; it must *Page 9 
provide the court with evidentiary material, such as affidavits, written admissions, and/or answers to interrogatories, to demonstrate a genuine dispute of fact to be tried. See, also, Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 35} In order to prove its breach of contract claim, Discover must prove: (1) the existence of a contract; (2) performance by Discover; (3) breach by Cummings; and (4) damage or loss to Discover. CircuitSolutions, Inc. v. Mueller Elec. Co., 9th Dist. No. 07CA009139,2008-Ohio-3048, at ¶ 12. In order to form an enforceable contract, there must exist an offer, acceptance of that offer, and consideration. See id.
 {¶ 36} In support of its motion for summary judgment, Discover provided an affidavit from the account manager of the servicing agent for Discover stating that: Cummings applied for a credit card; Discover issued a credit card to him; Cummings used the credit extended; he tendered payments toward the balance; he never disputed any amount owed; he eventually attempted to settle the outstanding balance with a payment for less than the total balance; Discover posted the payment to Cummings account, but did not consider it as payment in full, leaving an unpaid balance, and; Cummings has failed to remit additional payments toward the outstanding balance. Discover also included an affidavit from another representative as to the outstanding balance and corresponding interest rate associated with Cummings' account. Discover attached copies of nine consecutive account statements with respect to Cummings' account that show a beginning balance of zero, various charges, debits, and credits for payments, and the rate of interest, with the final statement evidencing the amount sought in Discover's complaint. Discover included a copy of its Cardmember Agreement with its motion for summary judgment. In addition, in paragraph three of Cummings' answer, Cummings admits that he used the Discover credit card account. *Page 10 
 {¶ 37} Taken together, these documents establish that Discover agreed to extend credit to Cummings for the purchase of goods and services in exchange for his promise to repay any amounts so extended, plus an annual interest rate on the unpaid balance. The account statements and Cummings' admission in his answer demonstrate that he used the card. The affidavits and account statements also show that Cummings stopped making payments on the outstanding balance despite Discover's attempts to collect. Thus, Discover provided evidence that Cummings received goods and/or services for which Discover paid, and that Cummings neglected to repay Discover pursuant to the terms of their agreement.
 {¶ 38} Pursuant to Civ. R. 56 Cummings' burden was to point to evidence to show that a dispute of material facts exists, precluding Discover from receiving judgment in its favor as a matter of law.
 {¶ 39} Although the case docket sheet indicates that Cummings filed a timely response to Discover's motion for summary judgment, unfortunately, the response was not transmitted to this Court with the case file. The appellant is charged with the duty to ensure that all parts of the record necessary for appeal are transmitted to this Court. Loc. R. 5(A). The Local Rules also provide for supplementation of the record in the event that the appellant discovers that an item is missing from the record. Loc. R. 5(A)(3). Furthermore, the Ohio Rules of Appellate Procedure allow an agreed statement of the case to be presented to the Court of Appeals in the event that part of the original record is missing. App. R. 9(D). In the instant matter, Cummings failed to use due diligence to make certain that the record on appeal contained all documents necessary for disposition.
 {¶ 40} Since Cummings' response to summary judgment is missing from the record and he did not avail himself of the curative procedures outlined above, we must consider the merits *Page 11 
of Cummings' argument without knowing what evidence, if any, he provided against summary judgment. See Butler v. Bove, 9th Dist. No. 07CA009170,2008-Ohio-1773, at ¶ 13 (stating that appellate court must consider the merits of the appellant's argument despite the fact that a portion of the record was not transmitted). In the absence of his response to the motion for summary judgment, we are not able to determine whether he met his burden to present evidence of a genuine issue of material fact to be litigated. See Price v. Matco Tools, 9th Dist. No. 23583,2007-Ohio-5116, at ¶ 28 (stating that when the non-moving party fails to meet its burden with respect to a motion for summary judgment, summary judgment in favor of the moving party is appropriate).
 {¶ 41} Accordingly, we must determine that the trial court did not err in granting summary judgment in favor of Discover on its complaint and Cummings' counterclaim. Cummings' third assignment of error is overruled.
 III. {¶ 42} Each of Cummings' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 12 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J., DICKINSON, P. J., CONCUR
[1] Although the case docket sheet and the trial court's ruling on the motion for summary judgment indicate that Cummings filed a response to the motion for summary judgment, Cummings' response was not transmitted to this Court with the rest of the record. We will address this issue later in this opinion. *Page 1